UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDWARDSVILLE HOMETOWN COMMITTEE, INC. | : |
| Plaintiff | : |
| v. | : |
| WHITING-ROBERTSDALE CHAMBER OF COMMERCE, INC. | : CIVIL ACTION NO. 3:CIV 2017- |
| | : (JUDGE _____) |
| Defendant | : |

## COMPLAINT

NOW COMES the Plaintiff Edwardsville Hometown Committee, Inc., by and through its undersigned counsel, James J. Haggerty, Esquire, Gregory E. Fellerman, Esquire, and Corey S. Suda, Esquire, which hereby complains of Defendant Whiting-Robertsdale Chamber of Commerce, Inc. as follows:

### INTRODUCTION

1. This is a complaint for declaratory and other relief. Plaintiff Edwardsville Hometown Committee, Inc., a not-for-profit community organization, has hosted a community event each June since 2014 known as the "Edwardsville Pierogi Festival." The Hometown Committee hosts the Edwardsville Pierogi Festival for the purposes of promoting the Borough of Edwardsville, bringing people into the Edwardsville community, assisting local merchants, and raising

1

money for community and civic purposes. On two occasions, however, the Hometown Committee has received correspondence from Indiana-based Defendant Whiting-Robertsdale Chamber of Commerce, Inc., of suburban Chicago, threatening to sue the Hometown Committee for infringing on the federal trademark "Pierogi Fest," which Defendant owns. The Hometown Committee now seeks relief from this Court declaring that its use of the term "Edwardsville Pierogi Festival" has not ever and does not infringe upon the trademark "Pierogi Fest," as there is no possibility of consumer confusion between the Edwardsville event and the suburban Chicago event. The Hometown Committee also seeks legal relief because the Whiting-Robertsdale Chamber of Commerce, Inc. has willfully and tortiously interfered with the Hometown Committee's relationship with sponsors of the Edwardsville Pierogi Festival by sending correspondence to certain sponsors threatening them with liability for the claimed trademark infringement.

## PARTIES, JURISDICTION, AND VENUE

2. Plaintiff Edwardsville Hometown Committee, Inc. (hereafter "Hometown Committee") is a non-profit, non-stock business entity organized under the laws of the Commonwealth of Pennsylvania with a principle address of 14 Short Street, Edwardsville, Luzerne County, Pennsylvania, 18704.

3. Defendant Whiting-Robertsdale Chamber of Commerce, Inc. (hereafter "Chamber") is a non-profit corporation, organized under the laws of the state of Indiana, with a principle address of 1417 119th Street, Whiting, Indiana, 46394.

4. This Court possesses jurisdiction over this matter pursuant to the terms of the Lanham Act, 15 U.S.C. § 1121(a). This Court also has jurisdiction over the state law claim set forth in Count II pursuant to 28 U.S.C. § 1367(a).

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

## FACTS COMMON TO ALL COUNTS

6. The Borough of Edwardsville was incorporated in 1884. It is a small community located in Luzerne County consisting of 1.2 square miles with a 2010 census population of 4,816.

7. Like many smaller Luzerne County communities, the past several decades have seen Edwardsville lose population and suffer a loss of activity throughout its main street business district.

8. In 2013, a group of concerned and community-minded Edwardsville residents, in an effort to help their hometown, organized the Edwardsville Hometown Committee. The officers and members of the Hometown Committee serve strictly as community volunteers without any compensation.

9. The Hometown Committee undertook the creation of an event that it called the "Edwardsville Pierogi Festival." The Edwardsville Pierogi Festival was organized to celebrate the ethnic, specifically Polish, roots and culture of the Edwardsville community. In fact, the United States Census Bureau has determined that Luzerne County, Pennsylvania is the only county in the entire United States where Polish is the most prevalent ethnic group.

10. The Hometown Committee organized the Edwardsville Pierogi Festival as a community event centered around Main Street in Edwardsville. A parade was to be held, live entertainment was to be provided, merchants were to set up booths and tents to sell food and merchandise, children's activities were to be organized, and a competition was to be held to rate the best pierogis, pigs-in-a-blanket, Welsh cookies, and Rozy Cozy burgers, a local favorite.

11. The Hometown Committee organized the Edwardsville Pierogi Festival for the purpose of promoting the Borough of Edwardsville, to bring people into the Edwardsville community, to assist local merchants, and to raise money for community and civic purposes. The Hometown Committee also intended to provide attendees of the Edwardsville Pierogi Festival with the opportunity to attend an enjoyable community activity.

12. The Edwardsville Pierogi Festival was first held on June 13 and 14 of 2014. It was well-attended and generated much local interest. The Hometown

Committee then held the Edwardsville Pierogi Festival again on June 12 and 13 of 2015, June 10 and 11 of 2016, and June 9 and 10 of 2017. Each year, the Edwardsville Pierogi Festival has grown in attendance and interest. The Edwardsville Hometown Committee intends to continue to hold the Edwardsville Pierogi Festival in future years.

13. The Hometown Committee uses the money it generates from the Edwardsville Pierogi Festival solely for community and civic purposes. Since 2014, the Hometown Committee has used its revenue and resources for, inter alia, the following purposes:

a. a donation of teddy bears to the Edwardsville Police Department to comfort children who come into contact with the police;

b. funding of refreshments for the community "Warrior Tree Lighting Ceremony," an annual event for families of active duty service members and local veterans;

c. organizing and funding an annual Pumpkin Play Day, a free Halloween-themed event for local children and their families;

d. contributions to the Edwardsville Lions Club for its annual community Easter egg hunt;

e. sponsoring and publicizing the annual Edwardsville Community Yard Sale, a day on which Edwardsville residents can hold yard sales throughout the community;

f. paying for flower bulbs for the municipal parking lot and for American flags to be displayed throughout the community on Memorial Day and other patriotic holidays;

g. donating to the Borough of Edwardsville for the purchase of holiday street lights and decorations;

h. donations to the Edwardsville Police Department, Fire Department, Ambulance Association, and Public Works Department for equipment and supplies; and

i. allowing community schools and civic organizations to fundraise at the Edwardsville Pierogi Festival.

14. Each year, the Hometown Committee has held its event under the name "Edwardsville Pierogi Festival." All of the Hometown Committee's signs, advertisements, publicity, banners, internet presence, tee shirts, and sponsorship forms have reflected the name of the event as the "Edwardsville Pierogi Festival."

15. The Hometown Committee has now been twice threatened with a federal lawsuit by the Defendant Whiting-Robertsdale Chamber of Commerce. The

Chamber owns a federal trademark for the term "Pierogi Fest." The Chamber holds an annual event in Whiting, Indiana, approximately thirty minutes from downtown Chicago, under the "Pierogi Fest" name.

16. First, by letter dated May 13, 2015, the Chamber threatened to bring a federal lawsuit against the "Edwardsville Pierogi Festival" for infringing on the trademark "Pierogi Fest." The Chamber made this threat even though the Hometown Committee did not use the term "Pierogi Fest," having always called its event the "Edwardsville Pierogi Festival." The Chamber also speciously alleged "likely...consumer confusion" between the "Edwardsville Pierogi Festival" and the suburban Chicago "Pierogi Fest." A copy of the May 13, 2015 letter is attached to this Complaint as Exhibit "A".

17. Then, by letter dated June 9, 2017, the Chamber again threatened to bring a federal lawsuit, this time against the Edwardsville Hometown Committee, for use of the term "Pierogi Festival." The Chamber again speciously alleged "likely...consumer confusion" between the "Edwardsville Pierogi Festival" and the suburban Chicago "Pierogi Fest." Additionally, the Chamber made the absurd allegation that the Edwardsville Pierogi Festival "directly compete[s]" with the Chamber's suburban Chicago Pierogi Fest. A copy of the June 9, 2017 letter is attached to this Complaint as Exhibit "B".

18. In an effort to cause harm to the Edwardsville Pierogi Festival, the Chamber also sent copies of its June 9, 2017 letter to several of the largest sponsors of the Edwardsville Pierogi Festival. In that letter, the Chamber threatened the sponsors directly with potential liability for trademark infringement. Certain sponsors have expressed significant concern to the Hometown Committee regarding their continued sponsorship of the Edwardsville Pierogi Festival.

## COUNT I – DECLARATORY JUDGMENT

19. Plaintiff incorporates the allegations set forth in paragraphs 1-18 above as if fully set forth herein.

20. An actual controversy exists between the Hometown Committee and the Chamber as to whether (1) the Hometown Committee has infringed on the mark "Pierogi Fest" in the past and whether (2) the Hometown Committee's continued use of the term "Edwardsville Pierogi Festival" infringes on the mark "Pierogi Fest."

21. The threatened litigation by the Chamber against the Hometown Committee has created a reasonable apprehension of suit and imminent injury to the Hometown Committee.

22. This controversy can be redressed by judicial relief.

23. The Hometown Committee is entitled under these circumstances to a declaratory judgment pursuant to 28 U.S.C. § 2201 (a) that is has no liability to the Chamber in that (1) the Hometown Committee has not in the past infringed on the mark "Pierogi Fest" and (2) that the Hometown Committee's continued use of the term "Edwardsville Pierogi Festival" does not infringe on the mark "Pierogi Fest."

## COUNT II – INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONS

24. Plaintiff incorporates the allegations set forth in paragraphs 1-23 above as if fully set forth herein.

25. The Hometown Committee has both existing contractual relationships with the sponsors of the Edwardsville Pierogi Festival and potential contractual relationships with additional sponsors for upcoming Edwardsville Pierogi Festivals.

26. By sending correspondence to sponsors of the Edwardsville Pierogi Festival threatening them with liability for trademark infringement, the Chamber has purposefully and intentionally sought to harm the relationship of the Hometown Committee with its existing sponsors and to prevent prospective relationships between the Hometown Committee and future sponsors of the Edwardsville Pierogi Festival.

27. The actions of the Chamber in interfering with the existing and prospective contractual relations of the Hometown Committee with its sponsors were neither privileged nor justified.

28. The actions of the Chamber set forth above have caused actual damage to the Hometown Committee and to the Hometown Committee's relationships with its existing and potential sponsors.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Edwardsville Hometown Committee, Inc. respectfully prays for relief as follows:

1. For a judicial determination and order declaring that Plaintiff has not committed any past infringing act regarding the mark "Pierogi Fest";

2. For a judicial determination and order declaring that Plaintiff's continued use of the term "Edwardsville Pierogi Festival" does not infringe on the mark "Pierogi Fest";

3. For an award of any and all damages suffered by Plaintiff due to the wrongful acts of Defendant set forth in Count II; and

4. For an award of all costs, fees, and expenses, including an award of attorney's fees under 15 U.S.C. § 1117 (a).

PLAINTIFF DEMANDS A JURY TRIAL
ON ALL ISSUES SO TRIABLE.


Respectfully submitted,

EDWARDSVILLE HOMETOWN COMMITTEE, INC.

By its attorneys,

_____
James J. Haggerty, Esq.
PA Bar ID: 67930
Law Office of James J. Haggerty, P.C.
183 Market Street, Suite 100
Kingston, PA 18704
570-288-3631
Fax: 570-288-4827
JJHPC@epix.net


_____
Gregory E. Fellerman, Esq.
PA Bar ID: 81568
Corey S. Suda, Esq.
PA Bar ID: 321940
Fellerman & Ciarimboli Law, P.C.
183 Market Street, Suite 200
Kingston, PA 18704
570-714-4878
Fax: 570-714-7255
gef@fclawpc.com
csuda@fclawpc.com


Dated: July 31, 2017

# Exhibit A

# Zamudio Law Professionals

233 S. Colfax St., Griffith, IN 46319
Telephone: (219) 924-2300, Facsimile: (219) 924-2401
Email: general@zlawpro.com

Daniel Zamudio
Jamey Critchlow
Daniel Korban

May 13, 2015

VIA FIRST CLASS & CERTIFIED MAIL 7012 3050 0000 4560 1866

Edwardsville Pierogi Festival
c/o Marilyn Mazeika
318 Rutter Ave.
Kingston, PA 18704

**RE: *NOTICE OF INFRINGEMENT OF THE PIEROGI FEST TRADEMARK AND NOTICE OF OBJECTION TO USE IN A NOT FOR PROFIT ACTIVITY***

Dear Ms. Mazeika,

We represent the Whiting Robertsdale Chamber of Commerce (the "Chamber") located in Indiana in connection with its intellectual property matters. It is the practice of the Chamber to avail itself of the intellectual property laws when necessary to protect its rights. We are contacting you regarding your unauthorized use of the Chamber's trademark (see the attached).

As you are likely aware, the Chamber is a successful organization located in the midwest. It has sold tickets to and promoted its food festival continuously in interstate commerce under the distinctive PIEROGI FEST trademark since 1994. It is the owner of federal trademark registration # 3476218 for services in the nature of organizing and promoting an annual festival and parade that emphasizes east european ethnicity, registered on December 21, 2007, on the principal register of the United States Patent and Trademark Office. The Chamber has expended considerable resources promoting its services under the PIEROGI FEST trademark and members of the public readily recognize the PIEROGI FEST trademark and the good will it symbolizes.

Our client recently became aware that your organization, Edwardsville Hometown Committee ("Edwardsville") is using PIEROGI FEST in connection with the promotion and sale of your ethnic food festival. These services directly compete with the Chamber's festival services and are sold in overlapping channels of trade. Edwardsville's use of the PIEROGI FEST trademark in connection with the offering for sale of these festival services is likely to cause consumer confusion as to the source or sponsorship of Edwardsville's services. Your use of the PIEROGI FEST constitutes trademark infringement and unfair competition under federal and state law.

We therefore demand that you and your company cease all use of the infringing PIEROGI FEST mark and that you abandon any pending application for registration of that mark, if any.

# Exhibit B

# Zamudio Law Professionals

233 S. Colfax St., Griffith, IN 46319
Telephone: (219) 924-2300, Facsimile: (219) 924-2401
Email: dan@zlawpro.com

Daniel Zamudio
Christie R. DeHaan
Kim Roethler

<u>*VIA EMAIL (edwpierogi@gmail.com), CERTIFIED MAIL*</u>

June 9, 2017

Edwardsville Hometown Committee
14 Short Street
Edwardsville, PA 18704

RE: *NOTICE OF INFRINGEMENT OF THE PIEROGI FEST TRADEMARK AND NOTICE OF OBJECTION TO USE IN A NOT FOR PROFIT ACTIVITY*

Dear Sir or Madam,

We represent the Whiting Robertsdale Chamber of Commerce (the "Chamber") located in Indiana in connection with its intellectual property matters. It is the practice of the Chamber to avail itself of the intellectual property laws when necessary to protect its rights. We are contacting you regarding your unauthorized use of the Chamber's trademark (see the attached).

As you are likely aware, the Chamber is a successful organization located in the midwest. It has sold tickets to and promoted its food festival continuously in interstate commerce under the distinctive PIEROGI FEST trademark since 1994. It is the owner of federal trademark registration # 3476218 for services in the nature of organizing and promoting an annual festival and parade that emphasizes east European ethnicity, registered on December 21, 2007, on the principal register of the United States Patent and Trademark Office. The Chamber has expended considerable resources promoting its services under the PIEROGI FEST trademark and members of the public readily recognize the PIEROGI FEST trademark and the good will it symbolizes.

Our client recently became aware that your organization, The Edwardsville Hometown Community, and its participants and sponsors are touting the fest as PIEROGI FESTIVAL & PIEROGIE FEST in connection with the promotion and sale of your ethnic food festival. These services directly compete with the Chamber's festival services and are sold in overlapping channels of trade. Your use of PIEROGI FESTIVAL in connection with the sales related to this festival is likely to cause consumer confusion as to the source or sponsorship of the service. Your use of PIEROGI FESTIVAL this way constitutes trademark infringement and unfair competition under federal and state law.

We therefore demand that you and your organization cease all use of the infringing PIEROGI FESTIVAL mark and that you abandon any pending application for registration of that mark, if any. Importantly, your sponsors can be found liable for use of the trademark as well in touting the festival to your benefit.

We further demand that you provide us with written assurances that your organization will cease using the infringing mark and any other trademark or logo that is likely to cause

ver. 40/29

Page 1 of 3

confusion with the Chamber's PIEROGI FEST trademark. We also request that you provide us with evidence that Edwardsville Hometown Community has abandoned any pending application for trademark registration at the USPTO of the infringing mark or that none exists. Please provide these written materials to us no later than thirty (30) days from the date of this letter.

That said, the Chamber is open to discussing with you the opportunity for licensing of its trademark. However, before doing so it asks that you do all that is requested to minimize the damage to the Chamber arising from your unauthorized use of its trademark. This would include eliminating the use of the mark from the festival going on right now.

It is our hope that this matter can be resolved amicably. We will therefore refrain from filing a complaint in federal court in order to give you an opportunity to resolve this matter. If we are unable to resolve this matter, we are prepared to proceed with filing and serving the complaint in order to commence litigation. The Chamber will seek all available remedies, including but not limited to injunctive relief and monetary relief such as your company's profits (or donations if a not for profit), damages suffered by the Chamber, and attorneys' fees.

We look forward to your prompt response.

Govern yourself accordingly,

ZAMUDIO LAW PROFESSIONALS, PC

Daniel Zamudio
Attorney at Law
Patent Attorney

Encl. 3 screenshot of internet advertisements
cc: UGI Utilities Inc., Community Bank N.A, Jack's Auto Paint, Immanuel Baptist Church, MedExpress



